UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-CR-10081-IT |
| | ) | |
| (4) ALI KHOSROSHAHIN, | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR (1) PRELIMINARY ORDER OF FORFEITURE AND FOR (2) ORDER OF FORFEITURE (MONEY JUDGMENT)

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture and an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 1963(a) and Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure.   In his plea agreement, the defendant Ali Khosroshahin (the "Defendant") agreed to entry of the requested orders. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.     On March 5, 2019, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging the Defendant, among others, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One).

2.     The Indictment also included a Racketeering Forfeiture Allegation, pursuant to 18 U.S.C. § 1963(a), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of:

     a.    any interest the defendant has acquired or maintained in violation of Title 18, United States Code, Section 1962;

     b.    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, which the defendant operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c.      any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.

The property to be forfeited included:

a.      $356,047 to be entered in the form of a forfeiture money judgment against Khosroshahin and another; and

b.      $75,000, to be entered in the form of a forfeiture money judgment against Khosroshahin.

3.      The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in the paragraphs above, pursuant to 18 U.S.C. § 1963(m).

4.      On June 26, 2019, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. § 1963(a). The Bill of Particulars identified the following property as subject to forfeiture, without limitation:

(a)      $4,664.23 in funds from Schools First Federal Credit Union account number ******5612 held in the name of Ali Khosroshahin (the "Currency").

5.      On June 27, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on June 3, 2019.   *See* Docket No. 182-1.

6.      In Section 6 of the plea agreement, the Defendant agreed that the assets to be

2

forfeited, specifically included, without limitation, an Order of Forfeiture (Money Judgment) in the amount of $208,990.93, on the grounds that such amount is equal to the amount of proceeds the Defendant derived from the offense, and the Defendant consented to the entry of an order of forfeiture in the form of a personal money judgment against him.   *See* Docket No. 182-1.

**Money Judgment**

7.     Based on the Defendant's admissions in the written plea agreement and his guilty plea on June 27, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $208,990.93, pursuant to 18 U.S.C. § 1963(a). This amount represents proceeds that the Defendant derived from his offense.

8.     The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.   *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

9.     Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.   *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.   Such discovery may include the taking of depositions of witnesses.   *See* 18 U.S.C.

§ 1963(m); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).   In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

11.     Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

**Preliminary Order of Forfeiture**

12.     In the written plea agreement, the Defendant acknowledged that the Court will enter an order of forfeiture as part of the Defendant's sentence, which may include assets directly traceable to Defendant's offense and substitute assets and/or a money judgment equal to the value of property derived from the offense, agreed to consent to entry of an order of forfeiture of such property, and waived any claims to seized currency.

13.     The United States has determined that the Defendant has an interest in the Currency, which the United States seized pursuant to a seizure warrant issued on March 11, 2019 in the District of Massachusetts (19-mj-6101-MPK). The United States identified the Currency as subject to forfeiture at the June 27, 2019, Rule 11 Hearing and the Defendant did not object.[1] Therefore, pursuant to 18 U.S.C. § 1963(m) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the

---

[1] Once the Currency is finally forfeited to the United States, the government will credit the forfeiture money judgment with any net proceeds from the forfeited Currency.

4

Currency.

14.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 1963(m), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture, and notice of the United States' intent to dispose of the Currency on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

15.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought.

16.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency, as substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(c)     retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture;

(d)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture and in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(e)     incorporate the Preliminary Order of Forfeiture and the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:      /s/ Carol E. Head
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
CAROL E. HEAD
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: May 9, 2022                    carol.head@usdoj.gov

6